UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DANIEL BLYMAN,<br><br>            Petitioner,<br><br>     v.<br><br>WARDEN,<br><br>            Respondent. | Case No. 1:14-cv-00836-LJO-BAM-HC<br><br>ORDER CONSTRUING DOCUMENTS AS A MOTION FOR A STAY PURSUANT TO <u>RHINES</u> AND <u>KELLY</u> (DOCS. 7, 8, 15)<br><br>ORDER SUSPENDING THE DEADLINE FOR FILING A TRAVERSE UNTIL PETITIONER'S MOTION FOR A STAY IS DETERMINED<br><br>ORDER DIRECTING PETITIONER TO FILE A SUPPLEMENTAL STATEMENT OF ISSUES NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER<br><br>ORDER STAYING THE DEADLINE FOR PETITIONER'S FILING A TRAVERSE PENDING DETERMINATION OF PETITIONER'S MOTION FOR A STAY<br><br>ORDER SETTING A BRIEFING SCHEDULE ON PETITIONER'S MOTION FOR A STAY<br><br>**RESPONDENT: OPPOSITION OR NOTICE OF NON-OPPOSITION TO BE FILED THIRTY (30) DAYS AFTER SERVICE OF PETITIONER'S SUPPLEMENTAL STATEMENT**<br><br>**PETITIONER: REPLY TO ANY OPPOSITION MAY BE FILED NO LATER THAN THIRTY (30) DAYS AFTER SERVICE OF OPPOSITION** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court are various filings by Petitioner, including a motion for a stay filed on June 16, 2014, and two related documents filed on July 7 and September 26, 2014, which relate to Petitioner's motion for a stay, and which the Court CONSTRUES as Petitioner's motion for a stay of the instant proceeding so that he may exhaust state court remedies as to additional issues.

On September 8, 2014, Respondent filed an answer to the petition in which Respondent addressed the merits of Petitioner's presently pending claims, which include a challenge to the exclusion of evidence as a violation of Petitioner's right to confrontation and to present a defense, and a challenge to the failure to give a unanimity instruction.  However, Respondent did not file opposition or notice of non-opposition to Petitioner's motion for a stay.

In the motion for a stay, Petitioner explains some of the circumstances that resulted in his not raising the additional issues.  However, Petitioner does not specifically identify the additional issues that he desires to raise after exhaustion of state court remedies.  Without knowing exactly what claims, including their legal and factual basis, Petitioner seeks to pursue and add to the present proceeding, it would not be possible to evaluate the nature and extent of any stay that should issue.  Thus, Petitioner will be given an opportunity to file a supplement to his motion in which he specifically identifies the additional claims that he seeks

to exhaust and then to add to the petition.

Further, it would facilitate the efficient use of the Court's and the parties' resources to have Respondent file opposition or notice of non-opposition to the motion, including any pertinent state court records.

Accordingly, it is ORDERED that:

1) Petitioner is DIRECTED to file no later than thirty (30) days after the date of service of this order a supplement to his motion for a stay in which he specifically identifies the claims, including their factual and legal bases, for which he seeks a stay to exhaust state court remedies; and

2) Respondent shall FILE opposition or notice of non-opposition to Petitioner's motion for a stay no later than thirty (30) days after the date of service of Petitioner's supplemental specification of claims; and

3) Petitioner may FILE a reply to any opposition filed by Respondent no later than thirty (30) days after the date of service of the opposition; and

4) The deadline for the filing of Petitioner's traverse to Respondent's answer is STAYED pending the determination of Petitioner's motion for a stay.

IT IS SO ORDERED.

Dated:   **October 6, 2014**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE