UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEPHEN DANIEL BLYMAN,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>        Respondent. | Case No. 1:14-cv-00836-LJO-BAM-HC<br><br>ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR A KELLY STAY OF THE ACTION PENDING EXHAUSTION OF STATE COURT REMEDIES (DOCS. 7, 8, 15) AND STAYING THE ACTION PENDING FURTHER ORDER OF THE COURT<br><br>ORDER DEFERRING CONSIDERATION OF PETITIONER'S MOTION FOR A RHINES STAY (DOCS. 7, 8, 15)<br><br>ORDER DIRECTING PETITIONER TO FILE PERIODIC STATUS REPORTS |
|---|---|

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

    Pending before the Court are Petitioner's motions for a stay filed on June 16, 2014, July 7, 2014, and September 26, 2014. Although Respondent initially filed opposition to the motions on the same date the Court directed the filing of opposition, Respondent subsequently gave notice of non-opposition to a Kelly stay; it appears that Respondent maintains opposition to a Rhines stay.

1

I.  Motion for a Stay

Petitioner seeks a stay pursuant to both Rhines v. Weber, 544 U.S. 269, 276 (2005) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

    A.  Legal Standards

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. at 276; King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009), cert. den., 558 U.S. 887. A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d at 1138-41.

Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276-77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277-78. A stay of a mixed petition pursuant to Rhines is required only if 1) the petitioner has good cause for his failure to exhaust his claims in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the

2

district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims.  See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the amendment is only allowed if the additional claims are timely.  Id. at 1140-41.

A stay under Rhines permits a district court to stay a mixed petition and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court.  In contrast, a stay pursuant to the three-step Kelly procedure allows a district court to stay a fully exhausted petition, and it requires that any unexhausted claims be dismissed.  Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  In this circuit it is recognized that the Kelly procedure remains available after the decision in Rhines and is available without a showing of good cause.  King v. Ryan, 564 F.3d at 1140.

      B.  Analysis

Here, Respondent's non-opposition to Petitioner's application for a Kelly stay appears to be based on the pendency of proceedings in state court.  It is uncertain, but it is possible that Petitioner will receive relief in the state court proceedings or that additional proceedings may render moot any dispute that is presently before this Court concerning the proper scope of this action, the presence or absence of good cause for a stay, or even the issues raised in the claims already before the Court.  The present petition is fully exhausted, so Petitioner need not withdraw any claims in order for a Kelly stay to take effect.  Petitioner alleges that he lacked access to his legal file for an extended period of time, so the documentation that might be pertinent to a specific showing of

3

good cause appears to have been inaccessible to Petitioner at the time of the initial requests for a stay.

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992). Under the circumstances of the present case, the Court exercises its discretion to grant Petitioner's application for a <u>Kelly</u> stay but to defer consideration of Petitioner's showing of good cause and/or entitlement to a <u>Rhines</u> stay until the <u>Kelly</u> stay is lifted and the issue of good cause becomes pertinent to the continuing proceedings.

Petitioner will be instructed to file status reports of his progress through the state courts. Once the California Supreme Court renders its opinion, provided the opinion is a denial of relief, Petitioner must file an amended petition including all of his exhausted claims. He is forewarned that claims may be precluded as untimely if they do not comport with the statute of limitations set forth in 28 U.S.C. § 2244(d).

II. <u>Disposition</u>

In accordance with the foregoing, it is ORDERED that:

1) Petitioner's motions for a stay of the proceedings are GRANTED IN PART, and Petitioner is GRANTED a stay pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003); and

2) Consideration of Petitioner's motion for a <u>Rhines</u> stay and the issue of good cause is DEFERRED pending the stay; and

3) The proceedings are STAYED pending exhaustion of state remedies; and

4

    4) Petitioner is DIRECTED to file an initial status report of his progress in the state courts no later than sixty (60) days after the date of service of this order, and then to file periodic status reports every ninety (90) days thereafter until exhaustion is complete; and

    5) No later than thirty (30) days after service of the final order of the California Supreme Court, Petitioner MUST FILE an amended petition in this Court including all exhausted claims.

    Petitioner is forewarned that failure to comply with this order will result in the Court's vacating the stay.

IT IS SO ORDERED.

Dated: **February 12, 2015**     /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE